## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.

CHRISTOPHER SHAWN MESSER,

Defendant.

Criminal Action No.

2:24-cr-3-RWS

## **ORDER**

This matter is before the Court on the November 14, 2024 Order and Report and Recommendation [Dkt. 31] of Magistrate Judge J. Clay Fuller and Defendant's Motion to Suppress Evidence [Dkt. 14]. Judge Fuller recommends that Defendant's Motion to Suppress [Dkt. 14] be denied. Defendant Messer filed timely objections [Dkt. 34][1] to Judge Fuller's recommendation, and the Government responded [Dkt. 36].

Having reviewed the record, the Court enters the following Order.

---

[1] Defense counsel moved for an extension of time [Dkt. 33] to submit objections to the R&R but filed objections before the Court could authorize the request for additional time. Therefore, the motion [Dkt. 33] is <u>moot</u>.

## BACKGROUND

In July 2023, Defendant Christopher Messer ("Messer") was known to be a convicted felon under supervision by the U.S. Probation Department, Northern District of Georgia.

According to law enforcement, amidst an ongoing investigation of Messer and alleged drug trafficking, tips were received by the Fannin County Sheriff's Department reporting that Messer had received a large shipment of methamphetamine.[2] As a result of the ongoing investigation, it was also known to law enforcement that Messer's driver's license was suspended and that he was in between two different residences located within Blue Ridge, Georgia.

On Monday, July 17, 2023, law enforcement set out to surveil Messer and attempt to collect independent facts to corroborate information received that Messer and others were moving large quantities of methamphetamines in the Fannin County area.

Investigator John Leslie Cheek ("Investigator Cheek"), with the Fannin County Sheriff's Office, also an agent for the Georgia Bureau of Investigation's Operational Regional Drug Enforcement Office (or "GBI task force"), testified at

---

[2] Two separate tips were provided: one from an anonymous tipster and one from a confidential informant known to local law enforcement.

the suppression hearing before Judge Fuller to detail the events leading up to

Messer's arrest on the instant federal charges. Along with other law enforcement

officers, Investigator Dustin Carter ("Investigator Carter"), Fannin County

Sheriff's Deputy, assisted Investigator Cheek with surveillance.

Messer was observed driving a Ford Ranger pickup truck which had been

made into a flatbed and was pulling a trailer with a tractor on it.  Investigator

Cheek testified that the truck was obviously not equipped to pull that heavy of a

load, that the trailer was swerving back and forth, and that there was no tag on the

trailer.  Investigator Cheek did not record these observations.

Agents decided to initiate a traffic stop based upon knowledge that Messer

was driving with a suspended license.  Officers approached Messer while he was at

stopped at a gas station around 6:45 p.m.

Messer was confronted about driving without a valid license and placed

under arrest. Investigator Cheek searched Messer incident to his arrest and

discovered a set of brass knuckles and a .22 magazine containing .22 caliber

rounds. [Hr'g Tr. at 14]. In his testimony, Investigator Cheek explained that, in his

32+ years of law enforcement experience, possession of ammunition likely means

that the individual also possesses a firearm.  [Id. at 16].  Investigator Cheek also

testified that a convicted felon (and federal probationer) is not permitted to possess

3

ammunition. [Id.].  Following the search of Messer, law enforcement searched the Ford Ranger and discovered two firearms (.22 caliber Survival rifle matching the magazine, Ruger revolver), methamphetamine, marijuana, and items commonly used to distribute drugs (i.e., baggies, digital scale).

On January 23, 2024, an Indictment was returned charging Messer with possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One); possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A)(i) (Count Three).

## LEGAL STANDARD

In reviewing a Report and Recommendation ("R&R"), the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusory, or general objections need not be considered by the district court."  United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).  Absent

objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Edition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Plaintiff objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## OBJECTIONS

Defendant Messer objects to certain factual findings as well as Judge Fuller's legal analysis. More specifically, Messer contends that he was subjected to an unreasonable search in violation of the Fourth Amendment when Investigator Cheek initiated a traffic stop and then proceeded to search his person and truck without a warrant.

## DISCUSSION

In his Motion to Suppress, Messer challenged both the search of his person as well as the vehicle search and moved to suppress the evidence seized by law enforcement. Here, Messer appears to focus on the warrantless search of the Ford

Ranger and Judge Fuller's determination that Investigator Cheek's testimony was credible. The Court questions whether either challenge amounts to a specific objection warranting a *de novo* review.[3]

Nonetheless, having conducted a *de novo* review of the record, including the transcript of the evidentiary hearing and the body cam footage recording the actions of law enforcement on July 17, 2023, the Court overrules the defense objections to the R&R.

## I.    Judge Fuller's Credibility Determination

Messer's first challenge to the R&R is that Judge Fuller's credibility determination concerning Investigator Cheek should be rejected.

Judge Fuller, the designated fact finder, personally observed Investigator Cheek's testimony. And, credibility determinations are within the province of the fact finder. See United States v. Ramirez-Chilel, 289 F. 3d 744, 749 (11th Cir. 2002). Unless Judge Fuller's understanding of the facts appears to be unbelievable, his credibility determination is entitled to a certain amount of deference by this Court. Id. (citation omitted).

---

[3] The Court has conducted a careful review of all issues raised by the Motion to Suppress and finds no clear error in Judge Fuller's analysis.

According to Messer, Judge Fuller erred in crediting Investigator Cheek's testimony at the suppression hearing because "[t]he Court excuses too many inadequate investigative procedures[,]" such as Cheek's failure to document his background research of Messer prior to July 17, 2023 (i.e., that Messer's driver's license was suspended and that Messer was a convicted felon). There is nothing nefarious about an investigator's failure to document initial background research or the surveillance that occurred prior to Messer's arrest.

Messer argues that Investigator Cheek is not credible and appears to criticize Cheek for not charging Messer for driving with a suspended license or other traffic offenses.[4]  Law enforcement's charging decisions in this case do not give the undersigned any reason to pause or question Investigator Cheek's credibility. Notwithstanding law enforcement's original reason for engaging Messer on July 17, 2023, the fact that Investigator Cheek found ammunition when Messer was searched incident to arrest supplied probable cause to search Messer's truck for a weapon. Significantly, the methamphetamine discovered in the search was found in a small black bag that would have been capable of concealing a small firearm.

---

[4] Messer seems to suggest that Cheek's rationale for arresting Messer was pretextual, and, therefore, unlawful. This argument is not supported by law.

More importantly, there is no reason to question Judge Fuller's credibility determination. Investigator Cheek testified that he did not observe any activity related to drug trafficking during his surveillance of Messer on July 17, 2023. [Dkt. 26 - Hr'g Tr. ("Tr.") at 9]. This fact did not preclude law enforcement from pursuing Messer for driving with a suspended license or searching his truck for firearms once ammunition was discovered.

This objection is <u>overruled</u>.

## II.    Warrantless Vehicle Search

Next, Messer objects to the Magistrate Judge's conclusion that the warrantless search of his truck incident to arrest, was valid and did not run afoul of the Fourth Amendment, specifically, the Supreme Court's holding in <u>Arizona v. Gant</u>, 129 S. Ct. 1710 (2009).

In the R&R, Judge Fuller found that the search of the Ford Ranger fell within two exceptions, search incident to arrest and the automobile exception. The undersigned concurs with Judge Fuller on both points.

### A. Search Incident to Arrest & Automobile Exception

As an initial premise, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-

8

delineated exceptions."  Gant, 129 S. Ct. at 1716 (quoting Katz v. United States, 88 S. Ct. 507, 514 (1967) (footnote omitted)). "Among the exceptions to the warrant requirement is a search incident to a lawful arrest." Id. (citing Weeks v. United States, 34 S. Ct. 341 (1914)). "The exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." Id. (citations omitted).

"[A] search incident to arrest may only include "the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." Id.  This limitation to the search incident to arrest exception has been construed in the Eleventh Circuit as encompassing car searches when a defendant "was arrested near the car he was driving."  United States v. Gray, 544 F. App'x 870, 884 (11th Cir. 2013) (emphasis added) ("Because [defendant] was arrested near the car he was driving, and he was not fleeing the scene or a sufficient distance away from his vehicle, the officer's search of his car was a lawful search incident to arrest. In addition, since an MGPD detective had probable cause to arrest [defendant] for possession of cocaine, the search of the vehicle was also permissible because it reasonably could have yielded further evidence of drug crimes.").

.

Moreover, <u>Arizona v. Gant</u> authorizes the search of a car if it is reasonable to believe that the vehicle contains evidence of the offense of arrest. <u>Gant</u>, 129 S. Ct. at 1723.  And, the automobile exception permits law enforcement to conduct a warrantless search of a vehicle if "(1) the vehicle is readily mobile; and (2) the [law enforcement officers] have probable cause for the search." <u>United States v. Lindsey</u>, 482 F.3d 1285, 1293 (11th Cir. 2007) (citation omitted).  Exigent circumstances are not required for the exception to apply.  <u>Id.</u> (citation omitted).

Both of these exceptions to the warrant requirement allow for the search of Messer's vehicle.

### B. Defendant's Proximity to Truck

Messer contends that the Magistrate Judge erred in finding that Messer was within close enough proximity to the truck to trigger application of the search incident to arrest and automobile exception.  Judge Fuller explained that "[b]oth Cheek's testimony and the video of the stop show that Defendant remained standing near his truck after he was arrested, while it was being searched."  [R&R at 13].

As emphasized by the Government, Messer misstates the standard:

> Whether Messer would be successful or not in obtaining weapons and/or evidence from his truck is not the standard.  <u>Arizona v. Gant</u> and its progeny concerns whether the defendant is in "reaching distance" of the vehicle.

10

***

The Eleventh Circuit has upheld car searches when the defendant "was arrested <u>near</u> the car he was driving." <u>United States v. Gray</u>, 544 F. App'x 870, 884 (11th Cir. 2013) (emphasis added).

[Dkt. 36 – Response, at 5].  Body cam footage shows that Messer remained within a few feet of the Ford Ranger, at or near his truck, throughout.

This objection is <u>overruled</u>.

**C. Discovery of Ammunition**

Messer also challenges the Magistrate Judge's reliance on Investigator Cheek's discovery of ammunition in Messer's pocket. Specifically, Judge Fuller found that, "at the point that Cheek discovered the ammunition in Defendant's pocket, he had probable cause to arrest Defendant for being a convicted felon in possession of ammunition."  [R&R at 13].

Relying on a photo showing law enforcement standing beside the Ford Ranger with the doors of the truck open, Messer represents that, contrary to law enforcement testimony at the suppression hearing, the police searched his truck *before they found the ammunition*. [Objections, at 3, ¶ 5]. This statement is incorrect as it is clear from watching the body cam videos that Messer's truck was not searched until after Messer was patted down and after various items, including ammunition, were found on Messer.  Messer's objection is without merit.  The Government's response in opposition readily addresses this contention and points

11

to the exact times within the video(s) that show the sequence and timing of the relevant events.  [Response, at 6-7.]  Prior to the search, law enforcement officers are captured on the body cam footage standing by the truck, and Investigator Cheek sees a bottle of alcohol in plain view and retrieves it from the truck, but the actual search did not commence until after the ammunition was found.  [Id.].

This objection is <u>overruled</u>.

## CONCLUSION

In sum, the Court agrees with Judge Fuller's thorough and well-reasoned analysis.  Defendant Messer's objections are <u>overruled</u>.

Accordingly, it is hereby **ORDERED** that Judge Fuller's R&R [Dkt. 31] is accepted with approval and **ADOPTED** for all purposes.

It is **ORDERED** that Defendant's Motion to Suppress [Dkt. 14] is **DENIED**. This matter is hereby **CERTIFIED READY FOR TRIAL**.  The Courtroom Deputy will contact the parties concerning the scheduling of a Pretrial Conference.

**SO ORDERED** this 23rd day of January, 2025.

_____
**RICHARD W. STORY**
United States District Judge